UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN SMALL,                  :     CIVIL ACTION NO. 3:CV-12-1393

          Petitioner     :     (Judge Nealon)

    v.               :

DAUPHIN COUNTY PRISON,     :

          Respondent    :

**FILED
SCRANTON**

JUL 2 0 2012

PER _____
DEPUTY CLERK

**MEMORANDUM**

## Background

      Petitioner, an inmate confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition, Small has submitted an application requesting leave to proceed in forma pauperis. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      Petitioner alleges that he was "removed from his housing unit on 6/18/2012 because the prison claimed they received information that the Petitioner was planning an escape." (Doc. 1, petition). He claims that he was "given 30 days for this completely bogus and manufactured escape plot, and given an additional 90 days for having pages out of a telephone book that contained information about three mile island." Id.

      Petitioner states that "the reason [he] requests the Court's intervention is that the prison staff, after these manufactured allegations, housed the Petitioner on what is known as P3-unit", which is a unit where "inmates are stripped naked, handcuffed, and shackled at the ankles, and forced to take showers in the wee hours of the night, usually between 11:00 pm and 3:00 am."

Id. Petitioner alleges that "this treatment is highly unconstitutional and barbaric." Id. He believes that "the purpose of this treatment is to humiliate, mistreat, punish, degradation and to break the spirit of these individuals," as "all this is carried out before any hearing is conducted, even though [they] have a presumption of innocence before proven guilty." Id.

Additionally, Petitioner claims that the prison "routinely denies prisoners access to the law library and law materials, personal or otherwise" and that "while in this unit, the Petitioner has requested several times to either be given access to the law library or make the materials in it available to him, either photocopy the requested materials, or give him the books requested." Id.

Petitioner filed the instant action in which he "requests an emergency hearing in front of a judge", so that the Warden "can show cause as to why the inmates housed in Dauphin County Prison, P3 unit are forced to endure unconstitutional treatment, why they are denied access to the law library and legal materials." Id.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906

(1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that

"the District Court has a duty to screen out a habeas corpus petition which should be dismissed for

lack of merit on its face."  424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks

to challenge either the fact or duration of his confinement in prison.  Preiser v. Rodriguez, 411

U.S. 475 (1973).   In the instant petition, Small is neither seeking speedier nor immediate release

from custody.  He is also not challenging the legality of his present incarceration.  Rather, he seeks

only to have a hearing on prison practices he believes are unconstitutional.  Accordingly, "habeas

corpus is not an appropriate or available federal remedy."  See Linnen v. Armainis, 991 F.2d 1102,

1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Small may

have to reassert his present claims in a properly filed civil rights complaint.[1]  See Wool v. York

County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.);

Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because

the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will

be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to

the conditions of his confinement that should more appropriately be brought under the Civil

Rights Acts.").  Accordingly, the petition will be dismissed.  A separate Order will be issued.

Dated:   July 20, 2011

_____
**United States District Judge**

---

[1]In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights
claim Small may file based upon the facts asserted herein.

3